IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. TARIN,

      Plaintiff,

      vs.                                            2:16-cv-00450-LF

NANCY BERRYHILL,[1] Acting
Commissioner of the Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Michael A. Tarin's Motion to Reverse and Remand for a Rehearing, or in the Alternative, Motion for Sentence Six Remand, with Supportive Memorandum, filed November 30, 2016, and fully briefed on March 8, 2017. Docs. 20, 24, 25, 26. The parties have consented to my entering a final judgment in this case. Docs. 4, 11, 12. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards when assessing Mr. Tarin's credibility regarding his pain. Mr. Tarin asks the Court to remand for an immediate payment of benefits, or in the alternative, for rehearing. Doc. 20 at 26. For the reasons stated below, I DENY the request for an immediate payment of benefits, but I otherwise GRANT Mr. Tarin's motion and remand this case to the Commissioner for proceedings consistent with this opinion.

I.    **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is automatically substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II. Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to

---

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.1581, 416.981, as it is in this case.

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Background and Procedural History

Mr. Tarin is a 46-year-old man with a tenth-grade education. AR[4] 37. He is single and lives alone in Las Cruces, New Mexico. AR 38. He has a history of working as a stocker, asphalt laborer, construction laborer, concrete finisher, and a fence installer. AR 40–43, 59, 309.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Documents 15-1 through 15-33 comprise the sealed administrative record ("AR"). When citing to the record, the Court cites to the AR's internal pagination rather than the CM/ECF document number and page.

Mr. Tarin initially applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on March 3, 2010, alleging disability since January 1, 2008. AR 244–56. He alleged he was disabled due to bipolar disorder, depression, anxiety, and degenerative disc disease. AR 307.

Mr. Tarin's March 2010 application for benefits was denied initially and upon reconsideration, and Mr. Tarin requested a hearing before an ALJ. AR 83–86, 104–10, 112–16. ALJ Gerardo Perez held a hearing on September 5, 2012. AR 71–82. At that hearing, ALJ Perez granted Mr. Tarin a postponement because his representative was not present. AR 73, 79. ALJ Perez noticed a second hearing to take place on February 3, 2013. AR 162–82. Mr. Tarin did not appear at the hearing, which prompted ALJ Perez to dismiss his claims. AR 87–91. Mr. Tarin requested review by the Appeals Council. AR 185–87. On December 11, 2013, the Appeals Council reinstated Mr. Tarin's claims and remanded his case because notice of the February 2013 hearing was sent to the wrong address. AR 92–94. On remand, ALJ Michelle Lindsay conducted a hearing on August 20, 2014. AR 29–68. At the hearing, the ALJ confirmed Mr. Tarin was insured through September 30, 2015, and Mr. Tarin amended his alleged onset date to February 1, 2013. AR 34–35.

The ALJ issued her unfavorable decision on November 26, 2014. AR 10–28. At step one, the ALJ found that Mr. Tarin had not engaged in substantial gainful activity since his alleged onset date of February 1, 2013. AR 15. Because Mr. Tarin had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. At step two, the ALJ found that Mr. Tarin suffered from the severe impairments of "degenerative disc disease of the lumbar and thoracic spine, hypertension, bipolar disorder, and drug and alcohol abuse." *Id.* At step three, the ALJ found that none of Mr. Tarin's impairments—alone or in combination—met or medically equaled a Listing. AR 16–17. Because none of the impairments

4

met a Listing, at step four, the ALJ assessed Mr. Tarin's RFC, finding that:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He is further limited in that he can occasionally climb stairs and ramps, occasionally stoop, crouch, kneel or crawl, but he must never climb ladders, ropes, or scaffolds. He is also limited to understanding, remembering, and carrying out only simple instructions and limited to maintaining attention and concentration for performing only simple tasks for two hours at a time without requiring redirection to tasks. Additionally, he can have only occasional contact with the general public, superficial interactions with co-workers and supervisors, and, he requires work with no more than occasional change in the routine work setting, thereby limiting him [to] simple, concrete, repetitive work.

AR 17. The ALJ determined that Mr. Tarin was unable to perform any past relevant work and, therefore, continued to step five. AR 20. At step five, relying on the testimony of a vocational expert, the ALJ found that there were a significant number of jobs in the national economy that Mr. Tarin could perform, including assembler, finish inspector, and ironer. AR 21. Accordingly, the ALJ found that Mr. Tarin "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," and is, therefore, not disabled. AR 21.

On March 30, 2016, the Appeals Council denied Mr. Tarin's request for review of his claim for SSI and dismissed Mr. Tarin's request for review of his claim for DIB, making the ALJ's decision the final decision of the Commissioner and prompting this appeal. AR 1–7. Mr. Tarin timely filed his appeal to this Court on May 17, 2016. Doc. 1.

**IV.     Mr. Tarin's Claims**

Mr. Tarin raises three main issues on appeal. First, Mr. Tarin contends that the Commissioner denied him due process when the ALJ changed his date last insured from September of 2015 (as stated at the hearing) to September of 2011 (as stated in the ALJ's decision). Doc. 20 at 4, 16. As the Commissioner acknowledges that Mr. Tarin's date last insured for DIB was September 2015, this issue is now moot, and the Court will not address it.

Doc. 24 at 22; Doc. 25 at 1. Second, Mr. Tarin argues that the ALJ failed to properly assess his RFC by failing to conduct a function-by-function analysis, by failing to properly analyze all of the medical opinions, and by failing to account for all of his limitations. Doc. 20 at 4, 17–21. Mr. Tarin further criticizes the ALJ's RFC finding for relying on an improper credibility finding. *Id.* at 4, 23–24. Third, Mr. Tarin contends that the ALJ's RFC errors tainted the testimony of the VE, and that the ALJ failed to resolve the conflict between the VE's testimony and the Dictionary of Occupational Titles, rendering the VE's testimony "inherently unreliable." *Id.* at 4, 24–26.

I find that the ALJ failed to apply the proper legal standards when assessing Mr. Tarin's credibility regarding his level of pain and its effects. Therefore, remand is required. I do not address Mr. Tarin's other alleged errors, which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### V. Discussion

Mr. Tarin argues that the ALJ erred in assessing his RFC largely because the RFC did not account for the medical evidence that supported Mr. Tarin's claims of severe pain when walking, standing and sitting. *See* Doc. 20 at 17–20. He asserts that the ALJ exacerbated this error by failing to apply the correct legal standards in evaluating his credibility regarding the level of pain he was experiencing and its limiting effects. *See id.* at 23. The Commissioner responds that ALJ correctly assessed Mr. Tarin's RFC and correctly evaluated his credibility by considering his "non-compliance with treatment and continued use of marijuana and alcohol." Doc. 24 at 10–13, 15–17. For the following reasons, I agree that the ALJ failed to apply the correct legal standards in evaluating Mr. Tarin's credibility regarding his pain.

"A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) (internal citation

6

omitted). When evaluating a claimant's evidence of pain, the Court considers: "(1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992) (citing *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987)). In this case, the ALJ concluded that Mr. Tarin's degenerative disc disease of the lumbar and thoracic spine was a medically determinable impairment that reasonably could be expected to cause his alleged pain symptoms. AR 18.

Once the ALJ finds the existence of a medically determinable impairment, the ALJ must then evaluate the intensity and persistence of the symptoms to determine how the symptoms limit the claimant's capacity for work. Social Security Ruling ("SSR") 96-7p,[5] 1996 WL 374186, at *2. "For this purpose, whenever the individual's statement about the intensity, persistence, or functionally limiting effects of pain or other symptoms [is] not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." *Id.*; *see also Bolan v. Barnhart*, 212 F. Supp. 2d 1248, 1261 (D. Kan. 2002) (citing *Thompson*, 987 F.2d at 1488) ("If objective medical evidence shows a pain-producing impairment, the ALJ must then consider the claimant's allegations of severe pain and decide whether to believe them.").

When determining the credibility of a claimant's subjective complaints of pain, an ALJ must consider several factors, including:

> the levels of medication and their effectiveness, the extensiveness of the attempts

---

[5] SSR 96-7p was superseded by SSR 16-3p on March 16, 2016. Because the ALJ issued her decision before March 16, 2016, SSR 96-7p applies for purposes of this appeal. *See* Doc. 24 at 16 n.13; Doc. 20 at 23 n.11.

> (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Thompson*, 987 F.2d at 1489 (internal quotations and citations omitted); *see also Wall v. Astrue*, 561 F.3d 1048, 1068 (10th Cir. 2009) (referring to the "*Luna* credibility factors" set forth in *Luna v. Bowen*, 834 F.2d 161, 165–66 (10th Cir. 1987)). Because an individual's pain symptoms sometimes can suggest a greater level of severity of impairment than can be shown by the medical evidence alone, an ALJ must consider additional evidence when assessing an individual's statements regarding his or her level of pain, including:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3.

Generally, a long medical history of an individual's attempts to seek treatment for his or her alleged symptoms and following the recommended treatment lends support to an individual's allegations. SSR 96-7p, 1996 WL 374186, at *7.

> On the other hand, the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed *and there are no good reasons for this failure*.

*Id*. (emphasis added). In assessing the credibility of an individual's description of his or her impairments,

8

> adjudicators must recognize that individuals may experience their symptoms
> differently and may be limited by their symptoms to a greater or lesser extent than
> other individuals with the same medical impairments and the same medical signs
> and laboratory findings. Because symptoms, such as pain, sometimes suggest a
> greater severity of impairment than can be shown by objective medical evidence
> alone, any statements of the individual concerning his or her symptoms must be
> carefully considered if a fully favorable determination or decision cannot be made
> solely on the basis of objective medical evidence.

*Id.* at *3.

Here, the ALJ found that the objective medical evidence did not support Mr. Tarin's statements about the intensity, persistence, or functionally limiting effects of his pain. AR 18. As a result, the ALJ was required to evaluate Mr. Tarin's credibility regarding his pain based on the entire record. SSR 96-7p, 1996 WL 374186, at *2. The ALJ found that Mr. Tarin's "statements concerning the intensity, persistence and limiting effects of [his pain] are not entirely credible for the reasons explained in this decision." AR 18. The ALJ explained that she found Mr. Tarin not credible because of his failure to comply with prescribed treatment and because he continued to perform routine daily activities independently. *Id.* Mr. Tarin contends that in making her credibility determination, the ALJ failed to consider his reasons for noncompliance as required by the regulations. Doc. 20 at 23–24. I agree.

An ALJ must not draw any negative inferences about a claimant's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering the claimant's explanations for that failure, or any other information in the record that may provide such an explanation. SSR 96-7p, 1996 WL 374186, at *7. Social Security Ruling 96-7p lists examples of reasons that may justify failing to follow prescribed treatment. SSR 96-7p, 1996 WL 374186, at *8.[6] The reasons listed in the SSR are examples and are not

---

[6] The reasons for noncompliance in SSR 96-7p include:

> * The individual's daily activities may be structured so as to minimize symptoms
> to a tolerable level or eliminate them entirely, avoiding physical or mental

exhaustive. SSR 96-7p, 1996 WL 374186, at *7–8.

In this case, the ALJ did not properly analyze Mr. Tarin's credibility. The ALJ relied heavily on the fact that Mr. Tarin was not following the treatment prescribed by his doctors to discount his credibility. For example, the ALJ characterized Mr. Tarin as having "lackluster compliance efforts," "lack of follow through," "spotty compliance efforts" as well as "lacking motivation for treatment [and] refusing to follow his providers' directives." AR 18–19. Specifically, with regard to Mr. Tarin's back issues, the ALJ noted, "while the claimant complains of increased pain with walking or prolonged sitting, his treatment records show that he has refused medication for his pain." AR 19. The ALJ further discounted Mr. Tarin's credibility due to "the fact that according to this treatment records, he has refused to take his medications or seek counseling despite his providers['] pleas." AR 20. While relying heavily on the fact that he did not comply with the prescribed treatment, the ALJ failed to apply the correct legal standards set forth in SSR 96-7p.

There is no indication in the ALJ's decision that she considered the reasons why Mr. Tarin may not have taken his pain medications or otherwise failed to comply with his doctors'

---

> stressors that would exacerbate the symptoms. The individual may be living with the symptoms, seeing a medical source only as needed for periodic evaluation and renewal of medications.
> *The individual's symptoms may not be severe enough to prompt the individual to seek ongoing medical attention or may be relieved with over-the-counter medications.
> * The individual may not take prescription medication because the side effects are less tolerable than the symptoms.
> * The individual may be unable to afford treatment and may not have access to free or low-cost medical services.
> * The individual may have been advised by a medical source that there is no further, effective treatment that can be prescribed and undertaken that would benefit the individual.
> * Medical treatment may be contrary to the teaching and tenets of the individual's religion.

1996 WL 374186, at *8.

recommended course of treatment. For example, the medical records show that Mr. Tarin tried epidural injections, but did not get any relief from the treatment. AR 824, 870. He also tried physical therapy, but he was "unable to complete all of his modality treatments due to having significant pain, cramping, and spasm in the right shoulder girdle, chest region, rib region, and the mid and low back." AR 800. The physical therapist noted that Mr. Tarin "appeared to have a physiological reaction to his pain," and that he "broke out in a mild sweat and started to partially hyperventilate." *Id.* As a result, the physical therapist placed Mr. Tarin "on hold" until Mr. Tarin's physician could follow up with him. *Id.*

The ALJ also did not consider Mr. Tarin's reasons for failing to continue with narcotic pain medication found in the record. When assessing Mr. Tarin's description of his functional restrictions, the ALJ found that his description was inconsistent with the record in part because "his treatment records show that he has refused medication for his pain." AR 19. The ALJ also noted that "[f]urther reducing the claimant's credibility is the fact that according to his treatment records, he has refused to take his medications or seek counseling despite his providers['] pleas." AR 20. The record demonstrates, however, that Mr. Tarin was not taking his prescribed medications because the side effects were less tolerable than the symptoms. The medications prescribed to Mr. Tarin for pain made him feel nauseous, dizzy, and "zombied out." AR 824, 839, 899, 905. Indeed, the narcotics prescribed to Mr. Tarin caused side effects that caused his doctors to prescribe additional medications to treat the side effects. AR 902–03, 905–06. Eventually, Mr. Tarin could no longer tolerate taking narcotics and expressed a desire to discontinue these medications. AR 814, 816, 826, 839. Mr. Tarin also reported that he became confused taking so many different medications and did not want to add more medications to his regimen. AR 897. At the hearing, Mr. Tarin testified that the pain medications he still took were not effective. AR 49–50. The ALJ, however, did not consider any of these explanations in

making her credibility determination, despite the requirement to do so in SSR 96-7p.

In short, the ALJ failed to consider Mr. Tarin's reasons for not complying with the prescribed treatment and, consequently, failed to make a determination as to whether the reasons proffered were justifiable. Thus, the ALJ failed to follow the correct legal standards.

## VI. Plaintiff's Request for an Immediate Award of Benefits

"When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In deciding which remedy is appropriate, the Court considers both the length of time the matter has been pending, and whether—given the available evidence—remand for additional fact-finding would serve any useful purpose or would merely delay the receipt of benefits. *Salazar v. Barnhart,* 468 F.3d 615, 626 (10th Cir.2006) (internal citations and quotations omitted). A remand for an immediate award of benefits "is appropriate when the record fully supports a determination that Plaintiff is disabled as a matter of law and is entitled to the benefits for which he applied." *Sorenson v. Bowen,* 888 F.2d 706, 713 (10th Cir. 1989).

Although this case has been pending for more than 7 years (AR 244–54),[7] a remand for an award of immediate benefits is not appropriate. On remand, the ALJ will need to properly assess Mr. Tarin's credibility and consider the reasons for his failure to comply with the prescribed treatment for his pain. That determination could affect the ALJ's assessment of Mr. Tarin's RFC and her hypothetical to any vocational expert at steps four and five. Consequently, remand for additional analysis is appropriate as the record does not fully support a determination that Mr. Tarin is disabled as a matter of law.

---

[7] Much of the delay in the case was caused by the initial dismissal and reinstatement of Mr. Tarin's claims. *See* § II, *supra*.

12

## VII. Conclusion

The ALJ failed to apply the correct legal standards in SSR 96-7p when assessing Mr. Tarin's credibility regarding his symptoms of pain. The ALJ failed to consider Mr. Tarin's reasons for failing to continue with prescribed medical treatment while at the same time relying heavily on the fact that Mr. Tarin did not comply. Therefore, remand is required.

IT IS THEREFORE ORDERED that plaintiff Michael A. Tarin's Motion to Reverse or Remand for Rehearing (Doc. 20) is GRANTED. The decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that Mr. Tarin's motion for an immediate payment of benefits is DENIED.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent